**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELWANCHE ARIEF, | No. 09-71825 |
| Petitioner, | Agency No. A095-634-613 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Melwanche Arief, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from the

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we review de novo due process claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

Arief does not challenge the agency's dispositive finding that his application is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed abandoned). Accordingly, his asylum claim fails.

With respect to his withholding of removal claim, substantial evidence supports the agency's findings that Arief's beating by five unknown individuals does not constitute persecution because the government was not involved, and petitioner did not establish that police were unwilling or unable to control his attackers. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Furthermore, substantial evidence supports the agency's findings that Arief has not met his burden in establishing that it is more likely than not he will suffer future persecution if returned to Indonesia. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003); *Fakhry v. Mukasey*, 524 F.3d 1057, 1065-66 (9th Cir. 2008) (evidence of Senegalese applicant's severe beating and his membership in an

opposition group did not compel a finding that it was more likely than not he would be persecuted upon return).

Substantial evidence also supports the agency's findings that Arief has not established that he will be tortured by or with the acquiescence of the Indonesian. government.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Accordingly, his CAT claim fails.

Finally, we reject Arief's contention that the IJ should have recused himself and that the IJ impermissibly referred back to the old hearing.  *See Lata v. INS,* 204 F.3d 1241*,* 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED**.

09-71825